UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANNE O'BOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>REAL TIME RESOLUTIONS, INC.<br><br>        Defendant. | Case No.: 17-cv-957<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Anne O'Boyle is an individual who currently resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Real Time Resolutions, Inc. ("Real Time") is a debt collection agency with its principal place of business located at 1349 Empire Central Drive, Suite 150, Dallas, Texas 75247-4029.

6. Real Time is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Real Time is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Real Time is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about April 7, 2017, Real Time mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "TD Bank USA, N.A." ("TD"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged credit card account, used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Real Time to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A was the first letter that Real Time sent to Plaintiff regarding this alleged debt.

13. Exhibit A states the following:

> Please see the back of this page for additional important information regarding this account.

14. The "back of this page" contains notices required by various state laws and begins with the text:

> THE FOLLOWING NOTICES APPLY TO THE RESIDENTS OF THE FOLLOWING STATES, AS NOTED. THIS LIST IS NOT A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE AND FEDERAL LAW.

15. 15 U.S.C. § 1692g(a) requires a debt collector to send a notice with the first written communication with the consumer (the "validation notice"). The validation notice must contain the following:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. The Seventh Circuit has held that the debt collector must provide the validation notice and "state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004); *citing Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).

17. The FDCPA debt validation notice is not located on the first page of <u>Exhibit A</u> or on "the back of" the first page of <u>Exhibit A</u>.

18. Instead, the debt validation notice is on a separate page.

19. If a debt collector wants to put the validation notice somewhere other than the front of the collection letter, there must be clear and conspicuous language on the front of the letter explaining this to the debtor. *Ost v. Collection Bureau, Inc.*, 493 F. Supp. 701, 702-03 (D.N.D. 1980); *Lucas v. GC Services L.P.*, 226 F.R.D. 337 (N.D. Ind. 2005).

20. In the instant case, the letter failed to clearly and conspicuously direct the unsophisticated consumer to the validation notice. Exhibit A directs the unsophisticated consumer to the "back of this page" for "important information," instead of to the separate page on which the validation notice was printed.

21. Misdirecting the consumer to "the back of this page" instead of to a separate page overshadows the debt validation notice. *Papetti v. Rawlings Fin. Servs., LLC,* 121 F. Supp. 3d 340, 350 (S.D.N.Y. 2015) ("The consumer, once misdirected to turn to the reverse side of the letter to find 'important information,' cannot be expected to know, with certainty, that the separately enclosed document in fact contains this 'important information.' The consumer cannot even be expected to know what the undescribed 'important information' is.")

22. That the back of page 1 of Exhibit A does contain state-related notices, including the Wisconsin fair collection practice notice ("WISCONSIN RESIDENTS: This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org." *see* Wis. Admin. Code § DFI-Bkg 74.13), increases the confusion.

23. The unsophisticated consumer who heeded Real Time's statement that important information is on "the back of this page," would see the state-related notices and conclude that those notices were the "important information" referenced on the front of the letter.

24. Likewise, nothing in Exhibit A notifies the unsophisticated consumer that the debt validation notice is located on a separate page.

4

25. Real Time overshadowed the consumer's rights under 15 U.S.C. § 1692g(b) and did not effectively convey to the consumer her rights under the FDCPA. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

26. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

27. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendant's language is a material violation of the FDCPA. A consumer who is unaware of the validation notice will not understand how to effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

28. The practical effect of putting the validation notice on a separate page while misdirecting consumers to the back of the first page is to discourage consumers from disputing debts.

29. Plaintiff was confused by Exhibit A.

30. The unsophisticated consumer would be confused by Exhibit A.

31. Plaintiff had to spend time and money investigating Exhibit A.

32. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

33. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S.

App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

35. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

38. Exhibit A misleads the unsophisticated consumer by telling the consumer that important information is on the back of the letter, but instead provides the validation notice on the front of the second page.

39. Such conduct overshadows the consumer's rights under 15 U.S.C. § 1692g(b).

40. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g, and 1692g(b).

## CLASS ALLEGATIONS

41. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Real Time in the form of Exhibit A to the complaint in this action, (c) seeking to collect an alleged debt incurred for personal, family or household purposes, (d) between July 12, 2016 and July 12, 2017, inclusive, (e) that was not returned by the postal service.

42. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

43. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

44. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

47.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  July 12, 2017

**ADEMI & O'REILLY, LLP**

By:     /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com