# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANNE O'BOYLE,**

        **Plaintiff,**

    **v.**                           **Case No. 17-C-0957**

**REAL TIME RESOLUTIONS, INC.,**

        **Defendant.**

---

## DECISION AND ORDER

Anne O'Boyle brings a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of my order dismissing this case under Federal Rule of Civil Procedure 12(b)(6). (*See* Order of Dec. 22, 2017, ECF No. 16.) I have reviewed the motion and the parties' briefs, and I do not see any grounds for reconsideration. My reasons for dismissing the complaint were adequately set out in my prior order, and for the most part I do not find it necessary to discuss the arguments in plaintiff's motion for reconsideration. However, I will address the plaintiff's argument that I should have granted her an opportunity to re-plead before entering judgment for the defendant on the merits.

The facts of this case are described in my prior order. In a nutshell, the plaintiff alleged that defendant Real Time Resolutions, Inc., sent her a collection letter that violates the Fair Debt Collection Practices Act because the "validation notice" required by 15 U.S.C. § 1692g(a) was printed on the second page of the letter. The plaintiff's legal theory was that a debt collector's printing the validation notice anywhere other than the front of the first page of a collection letter violates the FDCPA unless the debt collector also includes a notice on the front of the first page alerting the consumer that

the validation notice appears elsewhere. Here, Real Time's letter *did* contain a notice directing the consumer to the back of the letter's first page, where various consumer-protection notices were located. But the validation notice was *not* printed on the back of the first page. Instead, it was printed on the front of a second sheet of paper, *i.e.*, on the third page of the letter's text. The plaintiff argued that this caused the validation notice to be "overshadowed" in violation of § 1692g(b).

I found that, as a matter of law, Real Time did not overshadow the validation notice by printing it on the front of the second sheet of paper without also printing a notice on the front of the first sheet directing the plaintiff to the validation notice. Having rejected the plaintiff's legal theory, I granted Real Time's motion to dismiss. Moreover, because I dismissed the complaint based on the failure of the plaintiff's legal theory rather than on her failure to adequately plead the facts necessary to support that legal theory, I did not afford the plaintiff an opportunity to amend. Essentially, I determined that granting leave to amend would have been futile because the defect in the plaintiff's claim resided in her legal theory rather than in the complaint's factual allegations. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "futility of amendment" is a reason to deny leave to amend).

The plaintiff now contends that I erred by not granting her at least one opportunity to file an amended complaint. The plaintiff asserts that, had I granted her leave to amend, she would have filed an amended complaint that included "additional claims against Real Time based upon the same letter." (Br. in Supp. of Mot. for Reconsideration at 16, ECF No. 19.) These additional claims would have asserted that other parts of the letter were confusing or inaccurate. Specifically, the plaintiff would

have alleged that Real Time's statement that it would not charge the plaintiff "any interest or fees" was deceptive and confusing, and also that the letter misstated the principal and interest due on the account. (*Id.* at 16–18.)

Importantly, the plaintiff is not seeking leave to amend to cure any pleading deficiencies relating to her original legal theory. Instead, she seeks leave to amend to assert new claims against Real Time based on parts of the letter that she did not challenge either in her original complaint or in her brief in opposition to the defendant's motion to dismiss.[1] She also seeks to change her original legal theory. Her original theory was that printing the validation notice on the second sheet of paper without properly directing the consumer to that notice "violate[d] the FDCPA as a matter of law irrespective of the other information in Real Time's letter." (Rely Br. in Supp. of Mot. for Reconsideration at 10, ECF No. 21.) Now, however, the plaintiff intends to argue that this "other information in Real Time's letter," when combined with the location of the validation notice, results in overshadowing.

In support of her argument that I should have granted her leave to amend, the plaintiff cites cases from the Seventh Circuit holding that when a district court grants a motion to dismiss under Rule 12(b)(6), it should almost always grant the plaintiff at least one opportunity to amend her complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 518–23 (7th Cir. 2015); *Bausch v. Stryker Corp.*, 630 F.3d 546, 561–62 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 583–85 (7th Cir.

---

[1] I mention the plaintiff's brief in opposition to the motion to dismiss because a complaint does not have to identify legal theories. *See, e.g., ACF 2006 Corp. v. Mark C. Ladendorf, Attorney at Law, P.C.*, 826 F.3d 976, 981 (7th Cir. 2016). However, once the defendant moves to dismiss for failure to state a claim, the pleader must identify her legal theories. *See, e.g., Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

2008).  As explained in these cases, the purpose of granting leave to amend is to allow the plaintiff a chance to fix curable pleading deficiencies, such as failing to allege enough factual matter to state a plausible claim for relief.  *See Runnion*, 786 F.3d at 518 (explaining that leave to amend should be granted so that the plaintiff would have an "opportunity to try to correct the deficiencies the court had identified"); *Bausch*, 630 F.3d at 562 (stating that leave to amend should ordinarily be granted at least once "when there is a potentially curable problem with the complaint").  In these situations, the plaintiff may be able to allege the factual matter that the district court found lacking, and so the court's granting leave to amend allows the case to be decided on the merits rather than on a technical pleading defect.  *See Runnion*, 786 F.3d at 520 (citing authority stating that the federal rules favor "deciding cases on the basis of the substantive rights involved rather than on technicalities").

In the present case, however, I did not dismiss the complaint based on a technical pleading defect.  Instead, I dismissed the complaint because the plaintiff's legal theory failed.  Because the plaintiff's legal theory failed, there was no amendment that could save her claim, and thus I determined that granting leave to amend would be futile.  Instead, I expected that, if the plaintiff disagreed with my conclusion that her legal theory failed, she would file an appeal.  Thus, I entered judgment on the merits.  But instead of filing an appeal, the plaintiff filed her motion to amend, which seeks to expand this case to include claims and legal theories that she did not originally assert.  Cases such as *Runnion* and the others that the plaintiff cites do not suggest that when a court dismisses a complaint based on a failed legal theory, it should automatically grant the plaintiff leave to amend in case she might want to assert new claims or different legal

theories. *Cf. Bausch*, 630 F.3d at 562 (citing fact that proposed amended complaint did not assert a "new theory of relief" as a reason the district court should have allowed the amendment). Rather, as noted, these cases focus on granting leave to amend to enable the plaintiff to cure technical pleading defects in the dismissed claims.

In any event, cases such as *Runnion* do not hold that a court granting a motion to dismiss must always grant leave to amend. Instead, those cases hold that the court should apply the ordinary leave-to-amend standard of Rule 15(a)(2). *See Runnion*, 786 F.3d at 522. Under that standard, one well-established ground for denying leave to amend is undue delay, s*ee Foman*, 371 U.S. at 182, and I find that this ground applies here. The plaintiff made no request to amend her complaint in response to Real Time's motion to dismiss. She did not, in her brief in opposition to the motion, inform the court that she intended to assert new claims or that she intended to argue that other deficiencies in Real Time's letter supported her original overshadowing legal theory. Rather, she requested leave to amend to assert her new claims for the first time in her motion for reconsideration. The plaintiff offers no reason for waiting until then to assert these claims. She does not argue that she did not discover either the factual or legal basis for these claims until after the court decided the motion to dismiss. Indeed, her new claims and theories are based on the same letter that she attached to her original complaint and on the same legal authority as her original claim. Thus, the plaintiff has no excuse for failing to seek leave to amend until now.

Moreover, the plaintiff's undue delay has resulted in prejudice to both the defendant and the court. *See George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789–91 (7th Cir.2011) (noting that delay alone is not a reason to deny leave to amend; prejudice

is required). Had the plaintiff mentioned her desire to bring new claims and legal theories in response to the motion to dismiss, the court could have granted her leave to amend at that time and denied the original motion to dismiss as moot.[2] This would have saved the defendant the expense of filing a reply brief in support of its original motion, and it would have allowed the court to save the judicial resources it expended in deciding the original motion to dismiss. Although the defendant would likely have filed a new motion to dismiss directed at the amended complaint, the parties and the court could have more efficiently addressed the sufficiency of all of the plaintiff's claims and theories in a single round of briefing and opinion-writing. Moreover, the plaintiff's new, more comprehensive claims likely would have superseded her original claim, making briefing and a decision on that stand-alone claim unnecessary. Allowing the plaintiff to present her claims in piecemeal fashion would result in the court's turning its attention to the case twice over several months, with the attendant costs of having to relearn the basic facts and background legal principles, and having to write two opinions relating to a motion to dismiss rather than one. *See Messner v. Calderone*, 407 F. App'x 972, 974 (7th Cir. 2011) (finding no error in district court's refusing leave to amend to assert new claims where "[t]he new and old claims arose from the same events" and the plaintiff "could have pressed both theories together"); *accord Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

If the plaintiff had a good reason for presenting her claims serially—such as not discovering the factual or legal basis of her new claims until recently—then perhaps the

_____
[2] I also note that the plaintiff had a right to amend as a matter of course within 21 days of service of the defendant's motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, the plaintiff could have added her new claims to the case without seeking leave of court.

forms of prejudice I have just mentioned would not be sufficient to warrant the denial of leave to amend.  But, as discussed, the plaintiff has offered no reason at all.  As far as the record reveals, the plaintiff may have made a strategic decision to omit her "new" claims from the original complaint and now regrets that decision.  *See Fannon v. Guidant Corp.*, 583 F.3d 995, 1003 (7th Cir. 2009) (noting that party's apparently making a strategic decision to wait until after the court rules on a motion to dismiss to introduce new factual allegations is grounds for denying leave to amend).  Accordingly, I find that the plaintiff's request for leave to amend must be denied because of undue delay.

For the reasons states, **IT IS ORDERED** that the plaintiff's motion to alter judgment (ECF No. 18) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2018.


s/Lynn Adelman____
LYNN ADELMAN
District Judge